AMELIA KUDER, APPELLANT, V. WILLIAM TWIDALE, APPELLEE.

Practice in Supreme Court. Where the testimony on behalf of the plaintiff and defendant is nearly equally balanced, and is conflicting, the finding and judgment will not be set aside.

APPEAL from Adams county. Heard below before MORRIS, J.

W. G. Beall and Batty & Casto, for appellant.

Capps & McCreary, for appellee.

MAXWELL, CH. J.

This action was brought in the district court of Adams county to foreclose a mortgage upon certain lots in the

town of Juniata.   The defendant, in his answer to the pe-
tition, alleges that the mortgage was paid in full by certain
meat sold and delivered to plaintiff by the defendant.   On
the trial of the cause the court found the issues in favor of
the defendant, and rendered judgment accordingly.   The
plaintiff appeals.

The principal ground of complaint is that the judgment
is against the weight of evidence.   The defendant testifies
that he was a butcher; that Dr. Kuder (husband of the
plaintiff) kept a hotel until February, 1877; that after-
wards the plaintiff kept a private boarding house; that he
furnished meat to the plaintiff; that an endorsement on the
note of fifty dollars was for meat furnished at the hotel;
that the endorsement was made March 15th, 1877, and
that he sold to the plaintiff sufficient meat to satisfy the
note.   In this he is corroborated by his wife.   On behalf
of the plaintiff, one W. G. Beall testifies that he presented
the note for payment to the defendant, and that he said it
had been paid by a meat bill; that he called a second time,
when the defendant showed him the account book contain-
ing the charges, from which it appeared that the meat in
question was charged to the husband of the plaintiff.

George Kuder, the husband of the plaintiff, testifies that
the plaintiff's name was never on the books of the defend-
ant; "that she never bought a cent's worth of meat of
him;" that Twidale presented this account to him three
years ago, and "I told him that I did not owe him—that
the account was false."   The plaintiff also testifies that she
never had any dealings with the defendant, and did not
owe him a cent.

It will be seen that there is a direct conflict in the testi-
mony.   The meat seems to have been charged to Dr. Ku-
der, but if the testimony of the defendant and his wife is
to be believed, it was in fact furnished to the plaintiff.   We
are led to infer from the testimony that the defendant did
furnish meat to the plaintiff and her husband.   The testi-

mony upon that point is neither very clear nor satisfactory, but sufficient, perhaps, to justify the court in finding for the defendant.   In any event, it is impossible for this court to say, upon the evidence before us, that the finding is erroneous.   This being so, the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.

The other judges concur.